UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

H-19-1

| | |
|---|---|
| UNITED STATES OF AMERICA | : CRIMINAL NO. 3:20CR200 JAM WIG |
| v. | : VIOLATION: |
| RONNIE BONNER | : 18 U.S.C. § 1344(1) and (2) <br> : (Financial Institution Fraud) |

INDICTMENT

The Grand Jury charges:

COUNTS ONE THROUGH FIVE
(Financial Institution Fraud)

The Defendant – Ronnie Bonner

1.   At all times relevant to this Indictment, the defendant, RONNIE BONNER, was a resident of Hartford, Connecticut, and a sales associate of an automobile dealership in Hartford County, Connecticut.

The Victim Financial Institutions

2.   At all times relevant to this Indictment, UBI Federal Credit Union ("FCU"), Alliant FCU, Enfield Community FCU, First Niagara Bank, and Seasons FCU were federally insured financial institutions.

The Scheme to Commit Financial Institution Fraud

3.   Beginning in or about September 2014 and continuing to in or about March 2015, the exact dates being unknown to the Grand Jury, in the District of Connecticut and elsewhere, the defendant BONNER, knowingly and with intent to defraud, devised, and executed a scheme and artifice to defraud financial institutions, and to obtain money, funds, credits, assets and other

property owned by and under the custody and control of these financial institutions by means of materially false and fraudulent pretenses, representations, and promises.

4.     The purpose of the scheme was for BONNER to enrich himself and others by obtaining loan proceeds by submitting materially false applications for motor vehicle loans to financial institutions to obtain funds, even though BONNER would not and did not purchase or intend to purchase an actual automobile, as referenced on the loan applications.

Manner and Means of the Financial Institution Fraud Scheme

5.     The manner and means by which BONNER sought to accomplish and did accomplish the financial institution fraud scheme included, among other things, the following:

6.     It was part of the scheme to defraud that BONNER would and did apply for loans and fraudulently represented to the lenders that he intended to purchase specific luxury motor vehicles, with the corresponding Vehicle Identification Numbers, when BONNER knew that no such motor vehicles would be purchased.

7.     It was part of the scheme to defraud that BONNER would and did falsely claim in the loan applications that he intended to purchase the motor vehicles from two purported automobile dealerships in the State of Florida: specifically, Motorcars of Miami and Lauderdale Luxury Automotive.

8.     It was part of the scheme to defraud that BONNER would and did cash or otherwise facilitate the deposit of the funds from the loan disbursement checks into bank accounts for Motorcars of Miami and Lauderdale Luxury Automotive.

9.     It was part of the scheme to defraud that BONNER would and did make several payments on the loans before stopping payments altogether.

Executions of the Scheme

10. On or about the dates set forth in each count below, in the District of Connecticut and elsewhere, the defendant RONNIE BONNER knowingly executed the above-described scheme by submitting fraudulent loan applications to the following financial institutions for the specified amounts listed below, each such submission of fraudulent loan application constituting a separate count of this indictment:

| COUNT | APPLICATION DATE | FINANCIAL INSTITUTION | LOAN AMOUNT |
|---|---|---|---|
| One | 9/11/14 | UBI FCU | $75,000 |
| Two | 9/12/14 | Alliant FCU | $75,000 |
| Three | 9/16/14 | Enfield FCU | $50,000 |
| Four | 9/18/14 | First Niagara Bank | $50,000 |
| Five | 10/6/14 | Seasons FCU | $40,000 |

All in violation of Title 18, United States Code, Section 1344(1) and (2).

A TRUE BILL

/s/

FOREPERSON

UNITED STATES OF AMERICA

LEONARD C. BOYLE
FIRST ASSISTANT UNITED STATES ATTORNEY

HAROLD H. CHEN
ASSISTANT UNITED STATES ATTORNEY

3